IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARIA FABBROCINI, M.D.,

    Plaintiff,

v.                                       Case No. 19CV0198

ROBERT PEARCE, M.D., et al.,

    Defendants.

---

### DEFENDANTS' BRIEF IN SUPPORT OF THEIR
### MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS PURSUANT TO
### FED. R. CIV. P. 23(d)(1)(D)

---

## INTRODUCTION

Plaintiff Maria Fabbrocini's Complaint alleges two causes of action: (1) sex discrimination under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983; and (2) deprivation of equal pay under the Equal Pay Act of 1963, as amended (29 U.S.C. § 206(d)). (Compl. ¶¶ 54 & 59.) Fabbrocini seeks to bring both claims as part of a class action lawsuit pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2). (Compl. ¶ 7.)

The class allegations must be stricken from the Complaint because neither of Plaintiff's claims, as pled, can be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(2):

- CLAIM 1: An Equal Protection claim pursuant to 42 U.S.C. § 1983 seeking damages, rather than injunctive relief, may not be certified under Fed. R. Civ.

1

P. 23 (b)(2). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011). Plaintiff's complaint seeks only damages with respect to this claim and contains no allegations that defendant Pearce is currently violating her Fourteenth Amendment rights.

- CLAIM 2: An Equal Pay Act claim pursuant to 29 U.S.C. § 216(b) may not be certified as a Rule 23 class action. *Groshek v. Babcock and Wilcox Tubular Products Division*, 425 F. Supp. 232 (E.D. Wis. 1977); The Equal Pay Act itself contains provisions governing collective actions that are the exclusive means of pursuing a representative action under that statute. *Harkins v. Riverboat Services, Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004)

Accordingly, For the reasons set forth herein, the Defendants respectfully ask this Court to grant their Motion to Strike Plaintiff's Class Allegations Pursuant to Fed. R. Civ. P. 23(d)(1)(D).

## LEGAL STANDARD

The timing of class-certification decisions is governed by Rule 23(c)(1)(A), which states that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the class action." Additionally, Fed. R. Civ. P. 23(d)(1)(D) provides the Court with the ability to require the pleadings to be amended to remove class action allegations. Pursuant to these provisions, a court may deny class certification even before the plaintiff files a motion requesting certification. *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) (citations omitted).

Where the defendant moves to strike class allegations before discovery, the Court "must evaluate the motion using a standard similar to that of Fed. R. Civ. P. 12(b)(6)." *Ladik v. Wal-Mart Stores, Inc.*, 291 F.R.D. 263, 269 (W.D. Wis. 2013) (citations omitted). Under this standard, the plaintiff's allegations must "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2000). "In the context of a determination under Rule 23, the question is whether plaintiffs' allegations are sufficient to show that it is plausible that plaintiffs will be able to satisfy the Rule 23 requirements after conducting discovery." *Ladik*, 291 F.R.D. at 269. At this stage, the burden is not on the party seeking class certification, rather all reasonable inferences must be construed in favor of the non-moving party. *Sjoblom v. Charter Commc'ns, LLC,* No. 3:07-CV-0451-BBC, 2007 WL 4560541, at *6 (W.D. Wis. Dec. 19, 2007), amended on reconsideration, No. 3:07-CV-0451-BBC, 2008 WL 4547526 (W.D. Wis. Jan. 2, 2008) (citing *Bessette v. Avco Fin. Serv., Inc.*, 279 B.R. 443, 450 (D.R.I. 2002)).

## ARGUMENT

### I. A Class Action Lawsuit Seeking Damages, Rather Than Injunctive Relief, May Not Be Certified Pursuant To Fed. R. Civ. P. 23 (b)(2).

The class allegations relating to Plaintiff's first cause of action must be stricken because an Equal Protection claim seeking damages, rather than injunctive relief, may not be certified under Fed. R. Civ. P. 23 (b)(2). *Wal-Mart Stores, Inc,*, 564 U.S. at 360. As the Untied States Supreme Court determined in *Dukes*, "individualized monetary claims belong in Rule 23(b)(3)." *Id.* at 362. The *Dukes* Court reasoned that

3

"[t]he procedural protections attending the (b)(3) class—predominance, superiority, mandatory notice, and the right to opt out—are missing from (b)(2) not because the Rule considers them unnecessary, but because it considers them unnecessary *to a (b)(2) class*." *Id.* (emphasis in original). However, in the context of a class action predominately for money damages, the absence of notice and the right to opt-out violates due process. *Id.* at 363 (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985)).

Plaintiff does not seek injunctive relief and her Complaint does not allege a continuing violation with respect to Dr. Pearce, who is the only individual Plaintiff contends engaged in allegedly unconstitutional behavior. Rather, Plaintiff alleges that as of 2017, Dr. Pearce was no longer the Anesthesiology Department Chairperson. (Compl. ¶ 17.) Thus, although Fed. R. Civ. P. 23(b)(2) has been used in the civil rights employment context[1], it cannot be used here, whereby the Plaintiff's own allegations, Dr. Pearce can no longer influence the Plaintiff's pay or working conditions. Presumably knowing that injunctive relief does not apply to the present facts, Plaintiff seeks only an award of compensatory and punitive damages.

Yet, Plaintiff brings this action pursuant to Rule 23(b)(2), rather than 23(b)(3).[2] (Compl. ¶ 7.) The Complaint alleges only that "[t]his action is maintainable as a class

---

[1] *See, e.g., Lawson v. Metro. Sanitary Dist. of Greater Chicago,* 102 F.R.D. 783, 785 (N.D. Ill. 1983) (alleging a "continuing policy and practice of denying black employees equal employment opportunities).

[2] Fed. R. Civ. P. 23(b)(3) requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the

action under Rule 23(b)(2) because Defendants' practice and policy of paying women physicians less than their comparable male counterparts and Defendant Dr. Pearce's practices and policies that denied female physicians equal opportunity and an non-hostile work environment apply generally to the Class as a whole." (Compl. ¶ 10.) Relying solely on Rule 23(b)(2), the Complaint contains no allegation that a class could be certified under Rule 23(b)(3). Accordingly, Plaintiff's Complaint fails to state a claim to relief that is plausible on its face because as a matter of law, her claim for "Compensatory and punitive damages" may not be certified pursuant to Rule 23(b)(2). *Bishop v. Gainer*, 272 F.3d 1009, 1017 (7th Cir. 2001) (employment discrimination suit seeking monetary damages should be made under Rule 23(b)(3)).

## II. An Equal Pay Act Claim May Not Be Certified As A Rule 23 Class Action.

The class allegations relating to Plaintiff's second claim of must be struck because an Equal Pay Act claim may not be certified as a Rule 23 class action. Rather, the Fair Labor Standards Act itself governs collective actions. *Groshek*, 425 F. Supp.

---

controversy." Pursuant to FRCP 23(b)(3), the matters pertinent to the court's findings include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) The extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) The likely difficulties in managing a class action.

5

at 233; *see also Harkins.*, 385 F.3d at 1101 (7th Cir. 2004). Title 29 U.S.C. § 216(b) provides in pertinent part that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." As the Seventh Circuit explained in *Harkins*, "[t]he statue is unambiguous: if you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party." 385 F.3d at 1101.

Here, Plaintiff alleges that the Court has original jurisdiction over plaintiff's second claim under § 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 216(b)), and as incorporated into the Equal Pay Act. (Compl. ¶ 2.) The law dictates that collective actions under 29 U.S.C § 216(b) require that a party plaintiff affirmatively opt-in to a lawsuit, whereas an action under Rule 23(b)(3) requires that plaintiffs have a right to be notified of a class action and to opt-out of it if they wish to seek their own remedies. *Id.* It has therefore long been established that "[t]here is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA s 16(b)." *Groshek*, 425 F. Supp. at 233 (quoting *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975). Thus, Plaintiff's Complaint fails to state a claim to relief that is plausible on its face because as a matter of law "[i]t is crystal clear that s 16(b) precludes pure Rule 23 class action in FLSA suits." *Id.*

## CONCLUSION

For the reasons set forth herein, the Defendants respectfully ask this Court to grant their Motion to Strike Plaintiff's Class Allegations Pursuant to Fed. R. Civ. P. 23(d)(1)(D).

Dated this 17th day of May, 2019.

    Respectfully submitted,

    JOSHUA L. KAUL
    Attorney General of Wisconsin


    s/Katherine C. Polich
    KATHERINE C. POLICH
    Assistant Attorney General
    State Bar #1065796


    ANNE M. BENSKY
    Assistant Attorney General
    State Bar #1069210


    Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-9451(Bensky)
(608) 267-7163 (Polich)